IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LISA SHAW JOHNSON, as Mother and Next
Friend of CHAZ DAKOTA BROWN                                                    PLAINTIFF

vs.                                                                    No. 1:03CV215-D-D

ORKIN EXTERMINATING COMPANY, INC.                                              DEFENDANT

OPINION DENYING MOTION TO STRIKE EXPERT DESIGNATION
AND TO LIMIT EXPERT TESTIMONY

Presently before the court is the Plaintiffs' motion to strike expert designation and to limit expert testimony. Upon due consideration, the court finds that the motion should be denied.

*A. Factual and Procedural Background*

The Plaintiffs allege that Chaz Dakota Brown, the minor child of Lisa Shaw Johnson, suffered serious injuries after drinking a pesticide known as Dursban 2E from a soda bottle in 1995 when he was eighteen months old; the Plaintiffs further allege that an employee of the Defendant Orkin negligently gave Brown's father the pesticide that Brown ultimately ingested. Remaining for adjudication before trial is a motion filed by the Plaintiffs in which they seek to exclude part of the testimony of Dr. Robert M. Cox, M.D., Ph.D., who has been designated by the Defendant as an expert medical toxicologist and emergency room physician. The Plaintiffs contend that a portion of Cox's proposed testimony is irrelevant and prejudicial.

*B. Standard*

Rule 702 of the Federal Rules of Evidence deals with the admissibility of testimony by expert witnesses. It was amended in December of 2000 and provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts

or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

Procedurally, the admissibility of expert testimony under Rule 702 is governed by the direction of Rule 104(a) of the Federal Rules of Evidence. Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir. 1998). Pursuant to Rule 104, the court conducts preliminary fact-finding and makes a preliminary assessment of whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology can be applied to the facts at issue. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993); Moore, 151 F.3d at 276.

In order to be admitted, expert testimony must be relevant, which is to say that it must assist the trier of fact in understanding or determining a fact in issue. Daubert, 509 U.S. at 591-92; see Bocanegra v. Vicmar Services, Inc., 320 F.3d 581, 584 (5th Cir. 2003) (holding that Rule 702 "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility"). As for relevant evidence that is overly prejudicial, however, Rule 403 provides that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Civ. P. 403.

*C. Plaintiffs' Motion Concerning Dr. Robert Cox, M.D., Ph.D.*

Dr. Robert Cox is a board-certified medical toxicologist and emergency room physician who currently serves as the Medical Director of the Mississippi Regional Poison Control Center and as the Director of the Medical Toxicology Service at the University of Mississippi Medical Center. He is also the Associate Chair of the Department of Emergency Medicine and is an attending physician

at the Adult Emergency Department at the University of Mississippi Medical Center. He is expected to offer expert testimony regarding medical negligence that allegedly occurred in the diagnosis and care of the Plaintiff Chaz Dakota Brown and its contribution to his injuries.[1] Specifically, he intends to offer testimony that the physicians who treated Brown were negligent in Brown's treatment, and that absent that improper treatment Brown would not have suffered the permanent injuries he now claims he has incurred. The Plaintiffs move initially to exclude Cox's testimony as irrelevant. They also assert that Cox's testimony is unduly prejudicial pursuant to Rule 403 of the Federal Rules of Civil Procedure.

The Plaintiffs assert that Cox's testimony is irrelevant because whether or not Brown's treating physicians were negligent has no bearing on whether or not the Defendant Orkin is liable for Brown's injuries. In support of their position, the Plaintiffs cite the Restatement (Second) of Torts, Section 457 (1965). That section states that the risk of negligence on the part of a physician is a natural, probable, and foreseeable consequence of the original injury and does not excuse the initial tortfeasor from liability for any such subsequent injury. While Mississippi courts have not expressly adopted Section 457, the Mississippi Supreme Court has recently quoted the section fairly extensively. See Medlin v. Hazlehurst Emergency Physicians, 889 So. 2d 496 (Miss. 2005).[2] At least two federal circuits (the Eighth and Ninth) have adopted the section. See Alholm v. American Steamship Co., 144 F.3d 1172, 1180 (8th Cir. 1998); Lance v. U.S., 70 F.3d 1093, 1095 (9th Cir.

---

[1]Cox is also scheduled to testify regarding other issues within his area of expertise; the Plaintiffs do not challenge his testimony in those areas, only in the area of medical negligence.

[2]The court noted, however, that "Section 457 is never mentioned in Mississippi law. So there is . . . no indication that [this Section] will be accepted by the courts in the State of Mississippi." Medlin, 889 So. 2d at 500. So while the court did mention Section 457, it is clear that Mississippi has not adopted it.

1995). Thus, the Plaintiffs request that the court adopt Section 457 and find that it renders the contested portion of Dr. Cox's testimony irrelevant because Orkin will be liable for any injuries caused by the physicians as well as for its own alleged negligent acts.

As for prejudice under Rule 403, the Plaintiffs assert that because Orkin would be liable for any medical negligence that occurred subsequent to its own negligent acts, to permit testimony regarding such negligence would be unduly prejudicial to the Plaintiffs. The Plaintiffs also suggest that if Dr. Cox is allowed to offer this testimony, the Plaintiffs would be required to re-open discovery in order to designate a medical expert of their own in order to rebut his testimony regarding medical negligence.

The Defendant responds that, instead of Section 457 of the Restatement of Torts, Mississippi has enacted Section 85-5-7 of the Mississippi Code, which requires a jury to consider and allocate a degree of fault to all those who contribute to an injury. See Miss. Code Ann. § 85-5-7 (1999) (amended 2004). Thus, argues the Defendant, Cox's testimony is relevant and not unduly prejudicial because his testimony regarding the potential intervening negligence of Brown's treating physicians is admissible to show the degree of fault of those physicians.

The court finds that the Defendant is correct in its arguments. Rather than adopting Section 457 of the Restatement, Mississippi law holds that participants in an event who are not joined as parties in the litigation ("phantom defendants") can nonetheless have their portion of fault assigned to them under Section 85-5-7; a jury "may not be instructed to consider only the parties actually sued, else the defendants who are present have been unfairly denied the benefits of the system of comparative fault." Eckman v. Moore, 876 So. 2d 975 (Miss. 2004); Estate of Hunter v. General Motors Corp., 729 So. 2d 1264 (Miss. 1999); Dawson v. Townsend & Sons, 735 So. 2d 1131 (Miss.

4

Ct. App. 1999). In Hunter, the Mississippi Supreme Court noted that defendants should be permitted to assert such a defense given the fact that defendants cannot implead phantom defendants under most circumstances. Hunter, 729 So. 2d at 1276.

In accordance with the above-denoted authorities, the court finds that Cox's testimony is relevant to the issue of proximate causation. He is expected to testify that at least some of the injuries that Brown has suffered were a direct result of medical negligence, not a result of his ingesting Dursban 2E. Thus, the court finds that Cox's testimony will assist the trier of fact to understand the evidence and to determine a fact in issue, and is therefore relevant. The subject physicians are phantom defendants of the type contemplated by the Mississippi Supreme Court in Hunter and its progeny. Accordingly, the Defendant should be permitted to put on evidence of those physicians' potential negligence and its impact on the Plaintiff's injuries. While the Plaintiffs have proffered a Mississippi case discussing Section 457 of the Restatement, that case specifically noted that Mississippi has never adopted the Section and stated that there is no indication that Mississippi will ever adopt the section. Medlin, 889 So. 2d at 500. The only other cases construing Section 457 that the Plaintiffs have submitted were from other states or from federal jurisdictions outside the Fifth Circuit.

As for the Plaintiffs' argument concerning undue prejudice under Rule 403, the court finds that the probative value of Cox's testimony is not substantially outweighed by the danger of unfair prejudice. The Defendant has procured expert testimony that medical negligence played at least some role in contributing to the Plaintiff Brown's injuries. As noted above, under Mississippi law, the court finds that such a defense is permissible. Thus, the court finds that the Defendant is entitled to present this defense to the jury and to have the jury determine whether the alleged medical

negligence was a superceding cause of any part of Brown's injuries.

## D. Conclusion

In sum, the court finds that the Plaintiffs' motion should be denied. Pursuant to the foregoing, the court rules that testimony relating to medical negligence and causation is relevant in this cause. Dr. Cox shall be permitted to offer the subject testimony at trial, provided it is otherwise admissible. The Plaintiffs obviously will be allowed to point out any weaknesses in Cox's testimony through cross-examination. The court reserves its authority to rule on objections to specific questions at trial as provided for in the Federal Rules of Evidence.

In light of this ruling, the court will entertain a motion from the Plaintiffs to continue the trial date and for the Plaintiffs to designate experts to rebut any proof of medical negligence as a proximate cause of any of the Plaintiff Brown's injuries. The court is of the opinion that the Plaintiffs presented a *bona fide* and reasonable argument in support of their motion to strike expert designation and limit expert testimony.

A separate order in accordance with this opinion shall issue this day.

This the 9th day of January 2006.

/s/ Glen H. Davidson
Chief Judge